# EXHIBIT A

Mark A. Ellingsen, ISB No. 4720
WITHERSPOON KELLEY
Attorneys & Counselors
The Spokesman Review Building
608 Northwest Boulevard, Suite 300
Coeur d'Alene, ID 83814-2146
Telephone:    (208) 667-4000
Facsimile:    (208) 667-8470
Email: mae@witherspoonkelley.com

*Attorneys for Plaintiff*

STATE OF IDAHO }} SS
COUNTY OF KOOTENAI
FILED

2011 JUN 28 PM 1: 9

CLERK DISTRICT COURT

DEPUTY

IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF KOOTENAI

| | |
|---|---|
| ANTHONY NUSZKIEWICZ,<br><br>        Plaintiff,<br><br>v.<br><br>GENERAL INFORMATION SERVICES, INC., a<br>South Carolina corporation,<br><br>        Defendant. | Case No.  CV-2011- 5177<br><br>**COMPLAINT AND DEMAND FOR<br>JURY TRIAL**<br><br>Fee Category: A<br>Fee: $88 |

COMES NOW Plaintiff, Anthony Nuszkiewicz, by and through his attorney of record

Mark A. Ellingsen, of Witherspoon Kelley, and for claims of relief against the above named

Defendant, complains and alleges as follows:

## I. STATUS OF PARTIES

1.1    Status of Plaintiff.  Plaintiff, Anthony Nuszkiewicz, is an unmarried individual

residing in Kootenai County, State of Idaho.

1.2    Status of Defendant.  Defendant, General Information Services, Inc. (hereinafter

"GIS"), upon information and belief, is a South Carolina corporation that is a consumer

reporting agency as defined under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, and

COMPLAINT—PAGE 1
K:\wdocs\cdamain\v5132\00002\00026500.DOC

ASSIGNED TO
JUDGE LUSTER

COPY

EXHIBIT A

is engaged in the business of producing and providing consumer reports and/or consumer investigation reports in Kootenai County, Idaho.

1.3    Jurisdiction and Venue.  GIS transacted business in the State of Idaho.  Plaintiff alleges that the conduct which is the subject of Plaintiff's causes of action against the above noted Defendant constitutes conduct committed within Kootenai County, Idaho.  Furthermore, Plaintiff alleges that the injuries suffered as a proximate result of Defendant's conduct were incurred in Kootenai County, Idaho.  As such, this Court has jurisdiction over the Defendant and venue is proper in Kootenai County, Idaho pursuant to I.C. §§ 5-404 and -514.  Plaintiff further alleges on information and belief that GIS's principal place of business is located in Chapin, South Carolina.

1.4    Other Suits and Actions.  No other suits or actions have been instituted or are now pending with respect to the causes of action herein.

## II. UNDERLYING FACTS

2.1    In April 2011, Plaintiff applied for employment with a company known as Fred Meyer, located in Kootenai County, Idaho.  As part of Plaintiff's employment application with Fred Meyer, Fred Meyer employed GIS to provide to Fred Meyer a consumer report which identified, in part, any past criminal history and convictions associated with Plaintiff.

2.2    Plaintiff alleges that GIS conducted those acts necessary to provide Fred Meyer with a consumer report related to Plaintiff.

2.3    On or about April 18, 2011, Plaintiff alleges that GIS published and provided a consumer report to Fred Meyer which represented that Plaintiff had been convicted of a criminal offense of "drug paraphernalia use or possession with intent to use" on February 2, 2009, in criminal case CR 2008-8318, in Kootenai County, Idaho.  A true and correct copy of a portion

COMPLAINT—PAGE 2
K:\wdocs\cdsmain\61589\0002\C0028509.DOC

of the consumer report referenced above is attached hereto as Exhibit A and is incorporated by reference herein.

2.4    Plaintiff alleges that the information contained in the consumer report attached hereto as Exhibit A regarding the purported criminal history background of Plaintiff was false. Specifically, Plaintiff alleges that he has never been convicted of any crime in the past and alleges on information and belief that the criminal history which GIS's consumer report references was in fact the criminal history of a third party by the purported name of Terrance Lee Indendi.

2.5    On April 29, 2011, GIS sent a letter to Plaintiff and indicated that "[b]ased on information contained in a recently obtained consumer report on you, Fred Meyer has elected not to extend you an offer of employment or continue your employment." A true and correct copy of said letter is attached hereto as Exhibit B. Plaintiff alleges upon information and belief that Fred Meyer did in fact take an adverse employment action—i.e., denial of employment— based upon criminal history background which was identified in the consumer report attached hereto as Exhibit A.

2.6    After receipt to the above referenced consumer report, Plaintiff sent a letter to GIS disputing the accuracy of the criminal history which was referenced in the above referenced consumer report published by GIS.

2.7    On May 10, 2011, Plaintiff received written notification from GIS acknowledging that GIS had reinvestigated that matter and issued an updated consumer report and that Plaintiff had no record of any felony or misdemeanor convictions in Kootenai County, Idaho from 2004 to May 6, 2011. A true and correct copy of said letter is attached hereto as Exhibit B and by this reference incorporated herein.

COMPLAINT—PAGE 3
K:\wdocs\adamzis\6158\9\0002\00028509.DOC

### III. CLAIM ONE
### VIOLATION OF THE FAIR CREDIT REPORTING ACT

3.1    Plaintiff realleges each and every allegation set forth in Paragraphs 1.1 through 2.6 above.

3.2    GIS is a furnisher of consumer reports and credit information as defined by 15 U.S.C. § 1681, *et seq.*

3.3    GIS had a duty to maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, said information is complete and up to date.

3.4    Plaintiff alleges that GIS breached its duty in this regard and failed to maintain strict procedures that were designed to ensure that accurate public record information, i.e., criminal history of Plaintiff, was accurately reported in a consumer report generated by GIS and which was sent to potential employers of Plaintiff.

3.5    Plaintiff alleges that as a direct a proximate cause of the conduct of GIS described herein, Plaintiff suffered an adverse employment action, economic damages, and further general damages.  Plaintiff alleges that he has suffered damages as a direct and proximate result of the conduct of GIS and that GIS is liable to him for actual damages as a result of GIS' violation of 15 U.S.C. § 1681, *et seq.*, which Plaintiff alleges is in excess of $10,000.00 in an amount to be proven at the time of trial.

3.6    Plaintiff alleges that he has incurred attorneys' fees and costs regarding this matter. As such, Plaintiff alleges that he is entitled to an award of reasonable attorneys' fees and costs incurred pursuant to 15 U.S.C. § 1681, *et seq.*

COMPLAINT—PAGE 4
K:\wdocs\cdomain\61589\6002\C0028509.DOC

## IV.  CLAIM TWO
### DEFAMATION

4.1     Plaintiff realleges paragraphs 1.1 through 3.6 above.

4.2     Plaintiff alleges that GIS published to third parties a consumer report which stated that Plaintiff had a criminal history as referenced in paragraphs 2.1 through 2.6 above.

4.3     As previously alleged, this information published by GIS pertaining to Plaintiff was false and was damaging to Plaintiff's reputation.  Plaintiff alleges on information and belief that GIS was in fact grossly negligent or reckless in the manner in which GIS maintained its procedures and in its reporting of public records information to third parties which would ultimately have an adverse effect on Plaintiff's ability to obtain employment.

4.4     Plaintiff alleges that the above referenced information published by GIS to Fred Meyer and other third parties regarding the alleged criminal history of Plaintiff was in fact false and was damaging to Plaintiff's reputation and damaging to Plaintiff's ability to obtain employment.

4.5     Plaintiff alleges that as a direct and proximate result of the above referenced false statements, Plaintiff suffered economic damages due to the fact that Plaintiff was denied employment because of this false information, and it hampered his ability to obtain suitable employment.   Further, Plaintiff alleges that this false information regarding Plaintiff was published to other third parties which damaged his reputation and caused him to suffer such additional economic and general damages which will be proved at the time of trial.

4.6     As a direct and proximate result of the above referenced false statements, Plaintiff has suffered damage to his reputation and such further general damages which Plaintiff alleges are in excess of $10,000.00, to be proven at the time of trial.

COMPLAINT—PAGE 5
K:\wdocs\odmsalc\61539\0002\C0028509.DOC

1    4.7    The conduct of GIS as described in this count was oppressive, wanton, malicious,

2    reckless, grossly negligent, or outrageous against Plaintiff's rights and the consequences that

3    Plaintiff might suffer.   Therefore, Plaintiff is entitled to an award of punitive damages in an

4    amount to be proven at the time of trial.

5

6                              **V. CLAIM THREE**
                                 **NEGLIGENCE**
7

8    5.1    Plaintiff realleges paragraphs 1.1 through 4.7 above.

9    5.2    Plaintiff alleges that pursuant to 15 U.S.C. § 1681, *et seq.*, GIS is a consumer

10   reporting agency as defined under 15 U.S.C. § 1681, *et seq.*

11   5.3    Plaintiff alleges that pursuant to 15 U.S.C. 1681, *et. seq.*, as a consumer reporting

12   agency, GIS had a duty to maintain strict procedures designed to insure that whenever public

13   record information which is likely to have an adverse effect on a consumer's ability to obtain

14   employment is reported, said information is complete and up to date.

15

16   5.4    Plaintiff alleges that GIS breached its duty in this regard and failed to maintain

17   strict procedures that were designed to ensure that accurate public record information, i.e.,

18   criminal history of Plaintiff, was accurately reported in a consumer report generated by GIS and

19   which was sent to potential employers of Plaintiff.

20

21   5.5    Plaintiff alleges that he has suffered damages as a direct and proximate result of

22   the conduct of GIS and that GIS is liable to him for actual damages as a result of GIS' violation

23   of 15 U.S.C. § 1681, *et seq.*, in an amount to be proven at the time of trial.

24   5.6    Plaintiff alleges that as a direct and proximate cause of GIS's above referenced

25   breaches of duty, Plaintiff has been damaged in an amount in excess of $10,000.00, to be proven

26   at the time of trial.

27

28

COMPLAINT—PAGE 6
K:\wdocs\cdamin\61589\0000\C00028509.DOC

5.7     Plaintiff alleges on information and belief that the conduct of GIS as described herein was oppressive, wanton, malicious, reckless, outrageous, and/or grossly negligent against Plaintiff's rights and the consequences that Plaintiff might suffer.   Therefore, NOTICE IS HEREBY GIVEN that Plaintiff intends to amend its pleadings to include a prayer for relief for punitive damages in the manner allowed by Idaho Code Section 6-1604.

## VI. REQUEST FOR RELIEF

WHEREFORE, PLAINTIFF PRAYS FOR A JUDGMENT AND DECREE AS FOLLOWS:

### COUNT ONE
### VIOLATION OF THE FAIR CREDIT REPORTING ACT

1.     For a judgment against Defendant General Information Services, Inc., in an amount in excess of $10,000.00, to be proven at the time of trial;

2.     Plaintiff's reasonable attorneys' fees and costs incurred in the sum of TEN THOUSAND DOLLARS and NO/100, ($10,000.00) against Defendant GIS, if the judgment is taken by default, or in event of contest, as set by the Court; and

3.     For such further relief as the Court deems just and equitable.

### COUNT TWO
### DEFAMATION

1.     For a judgment against Defendant GIS in an amount in excess of $10,000.00, to be proven at the time of trial;

2.     Plaintiff's reasonable attorneys' fees and costs incurred; and

3.     For such further relief as the Court deems just and equitable.

COMPLAINT—PAGE 7
K:\wdocs\cdsms\s\61589\0002\C00028509.DOC

## COUNTS THREE
## NEGLIGENCE

1.    For a judgment against Defendant GIS in an amount in excess of $10,000.00, to be proven at the time of trial;

2.    Plaintiff's reasonable attorneys' fees and costs incurred; and

3.    Fur such further relief as the Court deems just and equitable.

DATED this _____ day of June, 2011.

WITHERSPOON KELLEY

_____
Mark A. Ellingsen
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

PURSUANT to Rule 38, I.R.C.P., Plaintiff, through his undersigned counsel, herewith Demands a trial by a twelve (12) person jury for all issues so triable.

DATED this _____ day of June, 2011.

WITHERSPOON KELLEY

_____
Mark A. Ellingsen
*Attorneys for Plaintiff*

COMPLAINT—PAGE 8
K:\wdocs\odsmain\63589\0002\C0028599.DOC

# Exhibit A

**Exhibit A**                    Exhibit A                    **Exhibit A**

## Admitted Criminal Information   back to top

| Applicant Admits to criminal conviction other than traffic violations? | No |
|---|---|
| Details: | |

## Specially Designated Nationals and Blocked Persons   back to top

**Search Results:**   No match found in SDN* Database

**SDN Comments:**   None

## Criminal History   back to top

*NOTE:* This section identifies public records appearing to belong to the subject, based on identifiers provided by the requesting company and matching the public record, each being identified below.

| Jurisdiction | Kootenai County, ID (FELONY AND MISDEMEANOR) | | |
|---|---|---|---|
| Name Searched | NUSZKIEWICZ, ANTHONY ROBERT | | |
| Aliases Searched | | | |
| Results | See misdemeanor below | | |
| Name on Record | NUSZKIEWICZ, ANTHONY ROBERT | | |
| Search Period | 2004  to 04/21/2011 | | |
| Identifiers | NAME AND DOB | | |
| **Record Details** | | | |
| Public Case # | CR20080008318 | | |
| Offense Date | 04/27/2008 | Offense | MISDEMEANOR DRUG PARAPHERNALIA USE OR POSSESS WITH INTENT TO USE |
| Disposition Date | 02/02/2009 | Disposition | CONVICTED GUILTY / FINES/FEES $252.00 / 365 DAYS CONFINEMENT WITH 335 DAYS SUSPENDED / 2 YEARS PROBATION UNSUPERVISED WITH CONDITIONS |

## Social Security Validation and Death Master Index Check   back to top

Social Security # xxx-xx-5440 is valid.   Issued in Idaho, Between 1990 and 1991.

## KwikScreen (GIS Criminal Records Database)   back to top

No match was found within the Nationwide Database.

## Name and Address History   back to top

# Exhibit B

**Exhibit B**                    **Exhibit B**                    **Exhibit B**



**Employment Background Repor**

4/29/2011

Case #: 24907717

ANTHONY NUSZKIEWICZ
1606 EAST CDA AVE
COEUR D ALENE, ID 83814                    KFM

Dear ANTHONY NUSZKIEWICZ:

Based on information contained in a recently obtained consumer report on you, Fred Meyer has elected not to extend you an offer of employment or continue your employment. The information in the report that was previously sent to you was obtained from:

> General Information Services
> Disclosure Department
> P.O. Box 353
> Chapin, SC 29036
> Toll-free telephone no.: 1-866-265-4917
> Toll-free fax no.: 1-866-265-4921

GiS did not make the decision not to hire you, and is unable to provide you with specific reasons why you were not hired.

You have been provided with an opportunity to dispute the accuracy or completeness of any information contained in the report by contacting the courts in which the information was obtained.

Thank you for considering employment with Fred Meyer.

Sincerely,

General Information Services

Enc.: